IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RIVERA, | : | CIVIL ACTION NO. **1:CV-10-1773** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WILLIAM A. SCISM, WARDEN, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On August 24, 2010, Petitioner, Jamie Rivera, an inmate at LSCI-allenwood, White Deer, Pennsylvania, filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In addition to the Habeas Petition is Petitioner's 15-page typed Memorandum, along with Petitioner's Affidavit. (Docs. 3 and 2, respectively). Petitioner also filed a Motion for a Show Cause Order to be issued and a Motion for Leave to File Discovery. (Docs. 4 and 5). On August 31, 2010, Petitioner paid the filing fee. (Doc. 7). Named as Respondent is William A. Scism, the Warden at LSCI-Allenwood.[1] The Habeas Petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the Habeas Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59

---

[1] Petitioner named the correct Respondent since he is presently confined at LSCI-Allenwood and Scism is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

(M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 209 WL 1010522 (M.D. Pa.).[2]

## II. Factual Background.

On November 22, 1991, in the United States District Court for the Eastern District of Pennsylvania, Petitioner was found guilty by a jury of numerous drug offenses, namely: Count one, conspiracy, 21 U.S.C. § 846; Count four, distribution, 21 U.S.C. § 841(a)(1); Counts five and eight, distribution within 1,000 feet of a school, 21 U.S.C. § 860; Count seven, possession with intent to distribute, § 841(a)(1); and Count nine, criminal forfeiture, 21 U.S.C. § 853(a)(1).  (Doc. 3, p. 2).

On June 1, 1992, a Judgment and Commitment Order ("J&C") by the United States District Court for the Eastern District of Pennsylvania was entered and Petitioner was imprisoned for 292 months followed by ten years of supervised release.   (Doc. 3, p. 2).  Petitioner is presently serving his federal sentence at LSCI-Allenwood.

Since Petitioner states the lengthy procedural history of his case and his many unsuccessful challenges to his 1992 conviction and sentence in his Memorandum, we do not fully repeat it herein.  (Doc. 3, pp. 2-5).  Suffice to say that in May 1993, Petitioner filed a Motion to Vacate his Sentence, pursuant to 28 U.S.C. § 2255, and it was denied in May 1994.  The Third Circuit affirmed the denial of Petitioner's § 2255 Motion in April 1995.  Petitioner then filed a Motion under Fed. R. Civ. P. 60(b) in January 1997, which was deemed as a motion to file a second or successive § 2255 motion.  In July 1997, Petitioner filed a motion for resentencing under 18 U.S.C.

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

§ 3582(c)(2), and in June 1999, he filed a petition for writ of a habeas corpus in the Northern District of Ohio. In 2000, Petitioner's motion for re-sentencing under 18 U.S.C. § 3582(c)(2) and his § 2241 habeas petition for writ of habeas corpus were denied. In January 2001, Petitioner filed another § 2241 habeas Petition this time in the M.D. Pa. *See* Civil No. 01-0096, M.D. Pa.[3] This Court denied Petitioner's second § 2241 habeas petition, and the Third Circuit affirmed the decision. Petitioner then filed a Petition to reinstate his appeals in 2003 which was denied by the Third Circuit. Petitioner also filed, in 2005, another motion for re-sentencing under 18 U.S.C. § 3582(c)(2), this time based on *U.S. v. Booker*, 543 U.S. 220 (2005), and it was denied. In April 2006, Petitioner filed a third motion under 18 U.S.C. § 3582(c)(2), this time for modification of his sentence and it was denied. The Third Circuit affirmed the denial of his motion for modification

---

[3]Petitioner also filed another § 2241 habeas petition with the M.D. Pa., Civil No. 08-1040. In our R&R with respect to Petitioner's 08-1040 case we stated:

> Petitioner states, and his exhibits show, that he was convicted on June 1, 1992, following a jury trial, in the United States District Court for the Eastern District of Pennsylvania, of the following offenses: conspiracy to distribute, in violation of 21 U.S.C. § 846, distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860, and possession with intent to distribute cocaine. (Doc. 2, p. 1 and Ex. A). On June 1, 1992, Petitioner was sentenced on the stated offenses to 292 months imprisonment, followed by 10 years of supervision, and the J&C was filed on this date. (Doc. 2, p. 1 and Exs. A and I). Petitioner's projected release date with good conduct time is October 11, 2012. (Doc. 2, Ex. A).

In his #08-1040 case, Petitioner was not challenging his 1992 J&C. Rather, he claimed that the BOP violated its own PS by classifying him as a greatest severity offender and by applying to him a PSF of greatest severity "which has constructively enhanced Petitioner's sentence and excluded Petitioner's eligibility for a transfer to a minimum custody facility." Petitioner 's #08-1040 petition was denied by this Court on September 9, 2008. *See Rivera v. Martinez*, 2008 WL 4200133 (M.D. Pa.).

of sentence under 18 U.S.C. §3582(c)(2).

In March 2009, Petitioner filed a motion for leave to file a second or successive § 2255 motion, and it was denied in May 2009. In January 2010, Petitioner filed another Rule 60(b) motion to vacate his J&C and for re-sentencing, and it was denied in March 2010. It appears as though Petitioner has presently pending an appeal with the Third Circuit regarding the Eastern District of Pennsylvania Court's denial of his 2010 Rule 60(b) Motion to vacate his J&C and for re-sentencing. (*Id*.).

### III. Claims of Habeas Petition.

Petitioner essentially claims that his drug conviction under 21 U.S.C. §841(a)(1) should be vacated since it was later interpreted by the courts to be a lesser-included offense of 21 U.S.C. §860. Thus, Petitioner contends that, based on court interpretation after his conviction, he could not be convicted and sentenced under both §860 and §841(a)(1), and that his conviction and sentence on both sections violates double jeopardy. Petitioner states that he could not have previously raised his claim that his drug conviction under 21 U.S.C. §841(a)(1) was a lesser-included offense of 21 U.S.C. §860 since the "Third Circuit's new substantive interpretations of 21 U.S.C. §§ 860, 846 and 841(a)(1) were not available to me when I filed my first 21 U.S.C. §2255 motion." (Doc. 2, Affidavit, ¶ 3.). Petitioner also claims that at the time of his 1992 conviction and sentence, the Third Circuit did not require the identity of the controlled substance to be an element of his charged offenses under §860, §848 and §841 (a)(1), and that the government did not have to prove beyond a reasonable doubt and the jury did not have to find the identity of the controlled substance pertaining to his conviction. (*Id*., pp. 6-7). Petitioner contends that the identity of the

controlled substance he was charged with possessing and distributing should have been treated as an element of his offenses under §860, §848 and §841 (a)(1), and since it was not, his "convictions of any felony drug convictions [are rendered] null and void, based on new substantive statutory constructions of §841 and its elements." (*Id.*, p. 7).

Petitioner also states that the grand jury, the government and the Court did not treat §841(a)(1) to be a lesser-included offense of §860 during his criminal proceedings. Petitioner states that he was improperly convicted and sentenced separately for his §841(a)(1) and §860 offenses, and that "the new substantive statutory construction that §841(a)(1) is a lesser-included offense of §860, renders his convictions null and void, since it violates the Due Process Clause." (*Id.*).

Petitioner states that both of his claims, namely, that the identity of the controlled substance he was charged with possessing and distributing should have been treated as an element of his offenses under §860, §846 and §841 (a)(1), and that he could not be convicted and sentenced separately for his §841(a)(1) and §860 offenses since §841(a)(1) is a lesser-included offense of §860, "are based on retroactively applicable new substantive interpretations of falderal criminal statues." (*Id.*, p. 9). Thus, Petitioner concludes that he could not raise these claims during his trial, his appeal and at the time of his first §2255 motion, and that the "safety valve" of §2255 applies to his case.

With respect to his claims, Petitioner relies, in part, on *U.S. v. Dowe*, 313 Fed. Appx. 531 (3d Cir. 2009) which he states shows "the identity of the controlled substance is now interpreted to be an element of the offense under §§ 860, 846 ... and 841(a)(1) ... ." (*Id.*, p. 11). Petitioner states that since the identity of the controlled substance with respect to the offenses he was convicted of, §§ 860, 846, and 841(a)(1), "was misinterpreted as a mere sentencing factor during

his entire trial process, ... he had never been legally convicted of the charges that he received 292 months of imprisonment and the years supervised release for." (*Id.*, p. 12). Petitioner requests that his "excess sentence" be vacated and that he be re-sentenced only "in accord with the elements that the petit jury ... actually ... found beyond a reasonable doubt." (*Id.*, p. 13).

With respect to his claim that there is a new substantive statutory construction that §841(a)(1) is a lesser included offense of §860, he cites to *U.S. v. Jackson*, 443 F. 3d 293 (3d Cir. 2006). (*Id.*, pp. 13-14). Petitioner states that based on *Jackson*, he should not have been sentenced for violating both §841(a)(1) and §860 since §841(a)(1) was a lesser included offense of §860. Petitioner admits that he has made "consistent presentation of [this] issue" to the Eastern District of Pennsylvania Court, which sentenced him in June 1992, but to no avail. (*Id.*, pp. 14-15).

As stated above, in March 2009, Petitioner filed a motion with the Third Circuit for permission to file a second of successive §2255 motion, and the Third Circuit denied it in May 2009. (*Id.*, p. 5). Petitioner also filed a Rule 60(b) Motion to vacate his J&C and for re-sentencing in January 2010 with the Eastern District of Pennsylvania Court, and it was denied on March 2010. His appeal of the Eastern District of Pennsylvania's denial of his Rule 60(b) Motion is pending with the Third Circuit. (*Id.*). Petitioner could have raised both his present claims in his stated recent motions and he had recourse to raise his claims *via* those motions. Both the *Dowe* case and the *Jackson* case were decided before Petitioner filed his stated recent motions, and as such, the Eastern District of Pennsylvania and the Third Circuit could have considered Petitioner's present claims in order to determine if he was entitled to be re-sentenced.[4]

---

[4]*Dowe* was decided on February 24, 2009.

Simply because Petitioner's recent motion with the Third Circuit to file a successive §2255 motion was denied does not render this motion as inadequate or ineffective for Petitioner to raise his present claims. Suffice to say that we find Petitioner's present claims must be raised *via* a § 2255 motion.

## IV. Discussion.

We find that § 2255 is an adequate and effective remedy for Petitioner to raise his instant claims that the identity of the controlled substance he was charged with possessing and distributing should have been treated as an element of his offenses under §860, §846 and §841 (a)(1) and, that he could not be convicted and sentenced separately for his §841(a)(1) and §860 offenses since §841(a)(1) is a lesser included offense of §860.

In *Jiminez v. U.S.* , 2009 WL 3837401 (E.D. Pa.), the Court specifically held that an inmate's claim in a Rule 60(b) Motion for Modification of Sentence that his 2000 conviction and 2001 sentence on offenses under §841(a)(1) should be vacated because they were lesser-included offenses of his conviction under §860, which arose out of the same incidents, was properly construed as a successive motion under 28 U.S.C. §2255.

The *Jiminez* Court stated:

> The relief that Jiminez seeks-vacating his underlying conviction and sentence-is consistent with habeas relief and not with the relief available under Rule 60(b). Jiminez bases his Rule 60(b) motion on the Third Circuit's decision in *Jackson,* which held that a defendant may not be convicted and sentenced under both §§ 841(a)(1) and 860 for the same set of acts because § 841 is a lesser included offense of § 860.FN3 *See Jackson,* 443 F.3d at 300-02. On its face, Jiminez's argument raises a "new ground for relief" from his underlying conviction and sentence. *Gonzalez,* 545 U.S. at 532. As a result, I must subject Jiminez's motion to the gatekeeping provisions of the AEDPA.

7

FN3. Jiminez argues that the Third Circuit's holding in *Jackson* is a
"significant change ... in law" rendering prospective enforcement
of his sentence inequitable. (Def.'s Mot. 5 (quoting *Rufo v. Inmates
of Suffolk County Jail,* 502 U.S. 367, 384, 112 S.Ct. 748, 116
L.Ed.2d 867 (1992) (applying Rule 60(b)(5) to prospective consent
decree).) Jiminez also argues that the *Jackson* decision
constitutes an "extraordinary circumstance" justifying relief under
Rule 60(b) (6). (Def.'s Mot. 8 (citing, *inter alia, Wilson v. Fenton,*
684 F.2d 249 (3d Cir.1982)).

Because Jiminez has already filed one § 2255 petition attacking the same
conviction and sentence, which was denied on the merits, he cannot file a
second one without authorization from the appropriate court of appeals.
FN4 *See* 28 U.S.C. § 2255(h) (referring to 28 U.S.C. § 2244(b)(3)(A)). Without
such authorization, the district court has no jurisdiction to consider a second
petition. *Id.* § 2244(a). Jiminez has not obtained such authorization. I must
therefore dismiss Jiminez's motion without prejudice for lack of jurisdiction.
*See Pridgen,* 380 F.3d at 725. "[A] Rule 60(b) motion based on a purported
change in the substantive law" governing the underlying conviction
would "circumvent [the AEDPA's] dictate that the only new law on which
a successive petition may rely is 'a new rule of constitutional law, made
retroactive to cases on collateral review by the Supreme Court, that was
previously unavailable.' " FN5 Gonzalez, 545 U.S. at 531-32 (quoting 28
U.S.C. § 2244(b)(2)(A)).

FN4. The court of appeals may authorize only those successive motions
that present either: "(1) newly discovered evidence that, if proven and
viewed in light of the evidence as a whole, would be sufficient to
establish by clear and convincing evidence that no reasonable
factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, *made retroactive to cases
on collateral review by the Supreme Court,* that was previously
unavailable." 28 U.S.C. § 2255(h) (emphasis added).

FN5. I further note that Jiminez overstates the degree to which
*Jackson* constituted a change in the law. Jiminez argues that, before
*Jackson,* it was "settled law" in the Third Circuit that sentencing a
defendant under both §§ 860 and 841(a)(1) did not violate
the Double Jeopardy clause. As a result, Jiminez argues that it would
be unfair to expect him to have raised the double jeopardy argument
in his first § 2255 motion. This does not, however, appear to be the

case. In *Jackson,* the Third Circuit explained that it had
simply "never authoritatively stated that § 841(a)(1) is a lesser-included
offense of § 860(a)." *Jackson,* 443 F.3d at 301. It had, however,
suggested as much in an unpublished case in 2004. *Id.* (citing
*United States v. Romeu,* 117 F. App'x 827, 829 (3d Cir.2004)).
Moreover, a number of other circuits had concluded, well before
Jiminez filed his first habeas motion, that § 841(a)(1) was a
lesser included offense of § 860(a). *See Jackson,* 443 F.3d at 301
(citing, *inter alia, United States v. Kakatin,* 214 F.3d 1049, 1051
(9th Cir.2000); *United States v. Freyre-Lazaro,* 3 F.3d 1496,
1507 (11th Cir.1993); and *United States v. Scott,* 987 F.2d 261, 266
(5th Cir.1993)).

*Id.,* *3.

Based on *Jiminez*, we find that Petitioner Rivera's recourse regarding his claim under *Jackson* that his 1991 conviction and 1992 sentence on offenses under §841(a)(1) should be vacated because they were lesser-included offenses of his conviction under §860 is a § 2255 motion, even though he cannot file another one until he receives permission from the Third Circuit.

As stated, Petitioner has indicated that he has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy
> provided by section 2255 is inadequate or ineffective to test the
> legality of his detention.  28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*,
> 290 F.3d 536, 538 (3d Cir. 2002).  A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court
> has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner
> cannot meet the gatekeeping requirements of section 2255, *Okereke v.
> United States*, 307 F.3d 117, 120 (3d Cir. 2002).  As noted above,
> Sperling has already filed three unsuccessful motions pursuant to
> section 2255 in the sentencing court, and at least two applications
> to the Second Circuit for permission to file another, all of which

essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*.

Petitioner Rivera also claims that the identity of the controlled substance he was charged with possessing and distributing should have been treated as an element of his offenses under §860, §846 and §841 (a)(1), and not merely considered as sentencing factor. Petitioner states that drug identity is an element of the offense and that the jury had to find the identity of the drug relevant to his charges beyond a reasonable doubt. Petitioner states that based on *Dowe* he was not legally convicted of the offenses for which he received a 292-month sentence. He states that the "default" statutory maximum sentence of not more than one year should be applied as his correct sentence.

In *Dowe*, 313 Fed. Appx. at 534, the Court stated:

> When a drug conspiracy is alleged, the quantity involved is offense-specific, rather than defendant-specific. That is, the jury must determine "the drug type and quantity element as to the conspiracy as a whole, and not the drug type and quantity attributable to each co-conspirator." *United States v. Phillips*, 349 F.3d 138, 143 (3d Cir.2003), *vacated and remanded on Booker grounds sub nom. Barbour v. United States,* 543 U.S. 1102, 125 S.Ct. 992, 160 L.Ed.2d

1012 (2005); *see also United States v. Stiger,* 413 F.3d 1185, 1192 (10th Cir.2005) (collecting cases). It is only at the sentencing phase that a finding needs to be made about the responsibility of individual conspirators. That finding is ordinarily made by the judge based upon a preponderance of the evidence. *See Phillips,* 349 F.3d at 143.

In *Francis*, the Court stated:

> A federal criminal defendant claiming that his conviction and/or sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed his sentence to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). A defendant can challenge a conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also Okereke,* 307 F.3d at 120; *In re Dorsainvil,* 119 F.3d at 251. Habeas corpus under § 2241 is "reserved for rare cases," and therefore, this "safety-valve" provision of § 2255 must be strictly construed. *In re Dorsainvil,* 119 F.3d at 250, 251.

> A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Cradle v. United States,* 290 F.3d 536, 538 (3d Cir.2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538.

2009 WL 1010522, *1-*2. *See also Cusano* v. U.S., 2010 WL 2893627, *1 (3d Cir.).

We find Petitioner Rivera's second claim does not fit within *Dorsainvil* and that it should be dismissed for lack of jurisdiction. We find that § 2255, and not a § 2241 habeas petition, is Petitioner's remedy to raise his claim that the identity of the controlled substance he was charged with possessing and distributing had to be proven at trial as an element of his drug offenses under § 860, §846 and §841 (a)(1). Petitioner should also have known of his stated second claim long ago

11

since the issue was well-settled.

In *U.S. v. Stewart*, 179 Fed. Appx. 814, 818 (3d Cir. 2006), the Court stated:

> It is well-established that "lay testimony and circumstantial evidence
> may be sufficient, without the introduction of an expert chemical analysis, to
> establish the identity of the substance involved in an alleged narcotics
> transaction." *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976);
> *see also Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir.1992) (stating that the
> prosecution "may establish the identity of a drug through cumulative
> circumstantial evidence.") (citations omitted). "So long as the government
> produces sufficient evidence, direct or circumstantial, from which the jury is
> able to identify the substance beyond a reasonable doubt, the lack of
> scientific evidence is not objectionable." *Id.; see also United States v.
> Harrell*, 737 F.2d 971, 978 (11th Cir.1984) (explaining that direct evidence
> is not required, and circumstantial evidence is sufficient to prove the identity
> of a controlled substance); *United States v. Sanchez DeFundora*, 893 F.2d 1173,
> 1175 (10th Cir.1990) (same); *United States v. Osgood*, 794 F.2d 1087,
> 1095 (5th Cir.1986) (same).

We do not find that our Petitioner has properly shown that his § 2241 habeas petition is

based on newly discovered evidence or an intervening change in substantive law that would negate

the criminal nature of his conduct leading to his federal conviction on the drug charges under

21 U.S.C. §841(a)(1), §846 and §860.

In *Hernandez v. Martinez*, 327 Fed. Appx. 340, 343 (3d Cir. 2009), the Court stated:

> In [Dorsainvil] case, we allowed a prisoner to proceed under § 2241 when,
> after his § 2255 petition had been denied, the Supreme Court interpreted
> the statute of conviction in a way that "decriminalized" his conduct. *See id.*
> at 252. We reasoned that a § 2255 proceeding was inadequate and
> ineffective because the Supreme Court's decision was not of
> constitutional dimension, and the petitioner thus could not bring a second
> § 2255 motion, but that disallowing any challenge would amount to a
> miscarriage of justice because the petitioner had no prior opportunity to
> present his claim and his conduct no longer constituted a crime. *See id.* at
> 251-52. Hernandez argues that this reasoning applies also to his claim
> under *Edwards*. As the Magistrate Judge explained, however, Hernandez's
> claim is not like the claim at issue in *In re Dorsainvil. Edwards* did not

change the substantive elements of the crimes of which Hernandez was convicted or render his conduct non-criminal, and Hernandez does not argue otherwise. *Edwards* also does not entitle Hernandez to relief from his sentence. The holding of *Edwards* is merely that the then-prevailing Sentencing Guidelines required the judge to determine the identity and amount of controlled substances for sentencing purposes, just as the judge at Hernandez's trial did, and the Court expressly declined to decide more than that. Accordingly, Hernandez's claim does not fall under the narrow exception we recognized in *In re Dorsainvil* and does not otherwise allow him to proceed under § 2241.

Based on *Hernandez*, Petitioner Rivera does not demonstrate that § 2255 is an inadequate remedy to test the legality of his federal conviction under 21 U.S.C. §841(a)(1), §846 and §860, and his 292-month sentence. Petitioner is now trying to collaterally attack his sentence imposed by the Eastern District of Pennsylvania Court in June 1992. As the Court in *Diaz v. Warden FCI Fairton*, 40 Fed. Appx. 665, 666 (3d Cir. 2002) (Non-Precedential), stated "§ 2241 is not an available alternate for collaterally attacking a federal criminal sentence. Pursuant to 28 U.S.C. § 2255, such a post-sentencing challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to consider it." Petitioner Rivera has failed to show that the offenses for which he was convicted and sentenced were not valid offenses. He does not fall under any exception recognized in *Dorsainvil*. *See Hernandez, supra*.

As stated, we do not find that Petitioner Rivera has made out a claim for actual innocence or that he has alleged an intervening change in substantive law that may negate his drug convictions under 21 U.S.C. §841(a)(1), §846 and §860 based on his claims detailed above.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court

13

which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied,* 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition. The Third Circuit stated in *Okereke v. U.S.*, 307 F. 3d 117, 120 (3d Cir. 2002), *cert. denied,* 123 S.Ct. 572 (2002), that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

violation of the Constitution." (Citation omitted). "Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court." *Horne v. Sherman*, 2006 WL 2792205, *2 (W. D. Pa.) (citation omitted).

Petitioner Rivera's present claims amount to a collateral attack upon the legality of his convictions under 21 U.S.C. §841(a)(1), §846 and §860, and of the legality of his 292-month sentence imposed by the Eastern District of Pennsylvania Court. His attack is properly brought under a § 2255 motion with the sentencing court. *See Hernandez, supra.*

Therefore, we will recommend that Petitioner Rivera's Habeas Petition be dismissed for lack of subject matter jurisdiction.

**V**. **Recommendation.**

Based upon the foregoing, it is respectfully recommended that the Petitioner Rivera's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed, without directing service of it on Respondent, for lack of jurisdiction. It is also recommended that Petitioner's Motion for a Show Cause Order to be issued and a Motion for Leave to File Discovery (Docs. 4 and 5) be denied as moot.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 1, 2010**

15

JAIME RIVERA, : CIVIL ACTION NO. **1:CV-10-1773**
:
     Petitioner : (Judge Caldwell)
:
     v. : (Magistrate Judge Blewitt)
:
WILLIAM A. SCISM, WARDEN, :
:
     Respondent :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **October 1, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 1,  2010**